## NEW YORK SUPERIOR COURT.

### RACHEL CREGIER agt. GEORGE M. CHEESBROUGH.

Where there is *no agreement* between *attorney* and *client* as to the amount of the attorney's compensation for conducting the proceedings in the action to judgment, the court will, if the circumstances warrant it, allow the attorney better compensation than the *taxed bill of costs* will afford.

And such compensation cannot be defeated by an immediate *assignment* of the verdict by the client to a third party, and payment to the attorney of the taxed bill of costs, and a demand for delivery over of the papers in the cause to another attorney.

*Chambers, March,* 1861.

A MOTION is made in this case for an order requiring Mr. S. B. Brague, the plaintiff's attorney, to deliver to the plaintiff's assignee, C. M. Buell, all the papers in the cause, and to sign a consent for the substitution of L. E. Bulkley as attorney for the plaintiff.

> L. E. BULKLEY, *for the motion.*
> L. R. MARSH, *opposed, cited Moore* agt. *Westervelt,* 3 Sand., 762.

WHITE, Justice. A verdict was rendered for the plaintiff in this action, on the 18th of March inst., for $2,500. The verdict was taken upon default and inquest at the trial term, no one appearing for the defendant when the cause was called. The action was brought to recover damages for the seduction of the plaintiff's daughter, and the inquest occupied about one hour. Immediately, or on the day after the recovery of the verdict, one C. M. Buell obtained from the plaintiff an assignment of the verdict to himself, and on the 20th inst. he paid to Mr. Brague, the plaintiff's attorney, $112.75 as the taxable costs in the cause, and presented to him a notice from the plaintiff that she had assigned her claim and verdict to Mr. Buell, and that she requested him (Mr. Brague) to deliver all the papers in the case to said Buell. The latter at the same time also presented to Mr. Brague a written consent for the substitution of Mr. L. E. Bulkley as attorney for the plaintiff in the action, and requested Mr. Brague to sign it, Mr. Buell being with Mr. Bulkley in his office as clerk on his own account. Mr. Brague received the taxable costs, but expressly stated that he did so without prejudice to the right which he claimed to further and complete compensation for his services; and until the receipt of that compensation he declined to surrender any of the papers in the cause. Mr. Brague also swears that he prosecuted

the action for the plaintiff entirely at his own risk as to compensation, the plaintiff being poor and unable to contribute to the expenses of the action, but agreeing that he should be well paid if successful ; and all the labor of preparing the case for trial was likewise devolved by the plaintiff upon her attorney, she not being competent or understanding how to do the work which it is properly and ordinarily the duty of the party and not the attorney to perform.    Mr. Brague also states that he had reasons to, and did, expect an able and obstinate defence on the trial, and in view of that emergency he employed Mr. James C. Voorhees as assistant counsel to prepare and try the cause with him, and that he did so with the plaintiff's knowledge and assent ; and also that he paid Mr. Voorhees $45, and agreed to give him further contingent compensation.    Mr. Brague claims $500 additional counsel fees.    Mrs. Cregier, the plaintiff, asserts, in an affidavit made by her, that the taxable costs are a fair compensation for her attorney ; and Mr. Buell, in his affidavit, swears that Mr. Brague, when receiving the taxable costs, stated that he had made no agreement with the plaintiff about his compensation, and that he did not pretend to claim any other sum than the taxable costs to be due to him from the plaintiff.    In this allegation, however, Buell is pointedly contradicted by the affidavits of Mr. Brague and of Mr. E. Wilson Bloom, who was present and took part in the interview between Messrs. Brague and Buell.    It is worthy of note, also, that the allegation in Mrs. Cregier's affidavit, that she knew nothing of Voorhees' employment in the case, and never exchanged a word with him, is expressly contradicted by the affidavits of both Mr. Brague and Mr. Voorhees.    Both Mrs. Cregier and Mr. Buell are severally contradicted, each by two witnesses, on material allegations.    On the whole, I conclude that the plaintiff's attorney is entitled, under the circumstances, to better compensation than the taxed bill of costs would afford.    There is hardly sufficient testimony in the

motion papers to enable me to form an opinion as to what, under the circumstances, would be a fair and reasonable counsel fee in this case, upon the payment of which the motion on behalf of the plaintiff's assignee might be granted. I will therefore direct that an order be entered referring it to T. D. Pelton, Esq., counsellor at law, as referee, to ascertain and report the facts of the case affecting the question involved in this motion, with his opinion thereon as to what would be a reasonable and proper compensation for the plaintiff's attorney in the premises. I will remark upon an objection taken by the assignee's counsel, namely, that no extra allowance for the plaintiff had been applied for by her attorney, that if the plaintiff could claim such allowance, it is not yet too late to make the application, and that I do not think the right of the plaintiff's counsel to further compensation in this case depends upon the question of the plaintiff's right to an additional allowance in her costs as against the defendant.

NOTE.—The sum of $365, besides the taxable costs, was by the referee reported due the attorney for the plaintiff, which was paid before the papers were delivered.